NelsoN, J.,
delivered the opinion of the Court.
The prosecutor stated, among other things, in his evidence upon the trial of defendant in the Criminal Court of Shelby County, that he and defendant were deck passengers on the steamboat G. W. Cheek, bound for her home port at Memphis; that the boat laid up for repairs, on the Arkansas side of the Mississippi river, about two or three miles below the Tennessee State line; that he and defendant laid down together at night, on the deck of the boat, with their clothes on; that before lying down, witness examined the pocket-book containing the money mentioned in the indictment'; that he fell asleep with it in his pantaloons pocket, and, on waking in the morning, found that the pocket-book and money had been stolen; that, after searching, without success, -at the place where he had slept, he asked the defendant if he knew anything about it, and received the reply that he did not; that, after the repairs were made, the boat proceeded through a considerable part of Shelby county, on her voyage to Memphis, where she *229 was finally moored; that witness then had defendant arrested by a policeman, who found the pocket-book and money upon his person, and took them away from him.
On this state of facts, his Honor charged the jury, upon the trial of this indictment for larceny, “that section 4981 of the Code of Tennessee was constitutional and valid,” and read said section to the jury as the law of the land; to which action of the court the defendant, in due form, excepted.
It is provided by the said section, that “when an offense is committed within this State, or within five miles of the line thereof, on board a boat or vessel, engaged in navigating the waters of the State, the jurisdiction is in any county through which the boat or vessel is navigated in the course of its voyage, or in the county where the voyage shall terminate.”
In behalf of plaintiff in error, who was convicted on the charge of larceny and sentenced to three years’ imprisonment in the penitentiary, it is insisted, that said section of the Code is unconstitutional, being in violation of that part of section 9 of the Declaration of Nights which declares that, in all criminal prosecutions by indictment or presentment, the accused hath the right to “a speedy public trial by an impartial jury of the county in which the crime shall have been committed, and shall not be compelled to give evidence against himself.”
A question very similar to this, was determined by this court in Armstrong v. The State, 1 Cold., 338. It arose upon section 4976 of the Code, which declares that “when an offense is committed on the boundary of two *230 or more counties, or within a quarter of a mile thereof, the jurisdiction is in either countyand said section was declared to be in violation of the Constitution, because it forced the defendant “to submit to an indictment and trial in a different county from that in which the offense was committed:” Ibid., 344. At the same term of the court, it was determined, in a case where the venue was changed against the prisoner’s consent, from one county to another, after exhausting a panel of seven hundred jurors, and selecting only eight out of that number, that section 5195 of the Code, which provides for a change of venue under such circumstances, is in violation of the same provision in the Declaration of Nights, and, therefore, unconstitutional. Kirk v. The State, 1 Cold., 344. See, also, 3 Head., 544; 9 Hum., 657, 659.
There is no difference, in principle, between these cases and the section of the Code now under consideration. The Convention which recently formed the new Constitution of this State, permitted the clause in the declaration of rights, to remain unaltered, with a full knowledge, as is to be presumed, of the decisions above mentioned, which, in our judgment, rests upon sound principle, and ought not to be disturbed.
The acts of Congress which provide for the punishment of crimes and misdemeanors committed upon the high seas and the lakes and navigable waters of the United States, not subject to the jurisdiction of the States, are founded, in part, upon that clause which gives Congress the power “to define and punish piracies and felonies committed on the high seas, and offenses against *231 the law of nations;” and are further authorized by Art. 3, s. 2, of the National Constitution, which, among other things, declares that “the judicial power shall extend to all cases of admiralty and maritime jurisdiction,” and are not in conflict with the sixth amendment, which declares that “the accused shall enjoy the right of a speedy public trial, by an impartial jury of the State and district wherein the crime shall have been committed.” See 1 Curtis’ Com., §§ 37, 40, 45; 1 Bright. Dig., 207, and notes, 2 Abbott’s Nat. Dig., pp. 77, 79; 2 Story on Const., §§ 1781, 1791; Ibid, § 1162.
These provisions of the National Constitution, and the opinions pronounced upon the statutes enacted under them, are not in conflict with the former decisions of this court, and there is no provision in our State Constitution as to admiralty and maritime jurisdiction.
We express no opinion as to whether, upon the facts, the case is within the principles announced in Simpson v. The State, 9 Hum., 459, 465, as the plaintiff in error is entitled to a new trial, for the reason above mentioned.
Reverse the judgment and remand the cause.